IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02377-BNB

RONALD ROY HOODENPYLE,

Plaintiff,

v.

JAY S. FISHMAN, CEO, and
TRAVELERS, CASUALTY AND SURETY COMPANY OF AMERICA,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 16 2008

GREGORY C. LANGHAM
                    CLERK

---

## ORDER DIRECTING PLAINTIFF
## TO FILE AN AMENDED COMPLAINT

---

Plaintiff, Ronald Roy Hoodenpyle, currently resides in Colorado Springs, Colorado. On November 21, 2008, Mr. Hoodenpyle filed with the Court a *pro se* Complaint on a proper Court-approved form. The Court must construe the Complaint liberally because Mr. Hoodenpyle is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hoodenpyle will be ordered to file an Amended Complaint.

Mr. Hoodenpyle asserts that Defendant Jay S. Fishman provided a bond for Patricia Thompson, a public trustee for El Paso County, Colorado. He further asserts that his rights were violated by Ms. Thompson when she authorized the sale of his property without due process. Plaintiff also asserts that Defendant Fishman is

responsible for the acts of his employees and for failing to allow the corporation to "fulfill it[s] contract and obligation to one of we the people." As relief, Plaintiff seeks money damages.

The Court has reviewed the Complaint and has determined that it is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow a court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Hoodenpyle fails to set forth a short and plain statement of the grounds on which this Court's jurisdiction depends. In other words, he fails to cite the statutory

authority that allows this Court to consider the claims he is asserting in this action and that he is entitled to relief. It appears that Mr. Hoodenpyle may be seeking review of a tax lien that was filed against his property and litigated in a prior action in this Court, as he appears to be doing in Case No. 08-cv-02285-BNB, another case that is pending in this Court. To the extent Mr. Hoodenpyle is attempting to challenge prior judgments in this Court regarding income tax assessments, the action is improperly before this Court.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Hoodenpyle should be given an opportunity to file an Amended Complaint. He will be directed to do so below.

Mr. Hoodenpyle is advised that, in order to state a claim in federal court, his Amended Complaint must explain what a defendant did to him, when the defendant did it, how the defendant's action harmed him, and what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Hoodenpyle file, **within thirty days from the date of this Order,** an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Hoodenpyle, together with a copy of this Order, two copies of the following form: Complaint. It is

FURTHER ORDERED that if Mr. Hoodenpyle fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED December 16, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02377-BNB

Ronald Roy Hoodenpyle
P.O. Box 26571
Colorado Springs, CO 80936

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 12/16/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk