IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02377-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 11 2009

GREGORY C. LANGHAM
CLERK

RONALD ROY HOODENPYLE,

Plaintiff,

v.

JAY S. FISHMAN, CEO, and
TRAVELER'S, CASUALTY AND SURETY COMPANY OF AMERICA,

Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff Ronald Roy Hoodenpyle initiated this action by submitting to the Court a *pro se* Complaint, on October 22, 2008. Magistrate Judge Boyd N. Boland reviewed the Complaint and, on January 6, 2009, entered an order instructing Plaintiff to amend the Complaint in keeping with Fed. R. Civ. P. 8 and **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). On January 30, 2009, Plaintiff filed an Amended Complaint. The Court has reviewed the Amended Complaint and has determined that the Complaint and action should be dismissed.

The Court must construe the Amended Complaint liberally because Mr. Hoodenpyle is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Amended Complaint is held to standards less stringent than those governing a formal pleading

drafted by an attorney. *See id.* However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

In the Amended Complaint, Mr. Hoodenpyle asserts that pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), he is seeking money damages against Jay Fisher, who is the CEO of the Travelers Casualty and Surety Company. Mr. Hoodenpyle contends that Travelers Casualty and Surety Company holds the insurance bond for Patricia Thompson, who is the public trustee in El Paso County, Colorado, and that Ms. Thompson, in violation of her oath of office, ordered Plaintiff's properties sold at public action, even though a final order had not been entered in a related Rule 120 foreclosure proceeding regarding the properties. Mr. Hoodenpyle seeks $1,000,000 for each infraction of his rights and the amount of the $50,000 bond apparently held by Travelers on behalf of Ms. Thompson.

Although Mr. Hoodenpyle has named Mr. Fisher and Travelers Casualty and Surety Company of America as Defendants, neither Defendant is a properly named party in a *Bivens* action. Mr. Hoodenpyle's claims also are a second attempt at raising the same claims he raised in a previous case, *Ronald Roy Hoodenpyle, et al., v. The Bank of New York Trust, et al.*, No. 08-cv-01401-ZLW (D. Colo. July 3, 2008), which was summarily remanded to the El Paso County District Court. Furthermore, pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to

2

invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court has examined the Complaint filed in this action and finds that the Court lacks subject matter jurisdiction because Mr. Hoodenpyle appears to be asking the Court to review and reverse orders entered by the State of Colorado in a foreclosure proceeding. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal

3

plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004), *overruled in part on other grounds by Exxon Mobil Corp.*, 544 U.S. 280. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Crutchfield*, 389 F.3d at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 199 (4th Cir. 1997).

Mr. Hoodenpyle's claims raise arguments that should have been raised in the state court proceedings and that essentially seek review of a state court judgment by the federal court. As Mr. Hoodenpyle's claims seek reversal of the state court judgments in the foreclosure sale, they are properly dismissed under the *Rooker-Feldman* doctrine. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986). However, if the state court foreclosure proceedings are not final, the *Rooker-Feldman* doctrine would not bar the instant action. *See Exxon Mobil Corp.*, 544 U.S. 280. In that event, the Court will abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971).

There are three conditions that must be met under *Younger*.

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). In the instant action, all three of these conditions are met. First, the state court proceedings are ongoing if, as Mr. Hoodenpyle states, he has properly appealed the foreclosure to the El Paso District Court, and the appeal is pending. Second, Mr. Hoodenpyle may raise his constitutional due process claim in the course of the state court proceedings. Finally, the state court foreclosure action involves important state interests concerning the title to real property that is located in the state and is subject to the operation of state law. Accordingly, it is

ORDERED that the Complaint, the Amended Complaint, and the action are dismissed without prejudice.

DATED at Denver, Colorado, this 11 day of Feb., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02377-BNB

Ronald Roy Hoodenpyle
P.O. Box 26571
Colorado Springs, CO 80936

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/11/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk